1  HUNTON & WILLIAMS LLP
2  EMILY BURKHARDT VICENTE (SBN 263990)
   ebvicente@hunton.com
3  D. ANDREW QUIGLEY (SBN 280986)
   aquigley@hunton.com
4  550 South Hope Street, Suite 2000
   Los Angeles, California 90071-2627
5  Telephone: 213 • 532 • 2000
   Facsimile: 213 • 532 • 2020
6

7  Attorneys for Defendant
   U.S. Security Associates, Inc.
8

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  MOHAMED S. ADAN, individually and on behalf of the proposed class,<br><br>14<br><br>15                    Plaintiff,<br><br>16           v.<br><br>17  U.S. SECURITY ASSOCIATES, INC., a foreign corporation doing business in California; and DOES 1 - 10, inclusive,<br><br>18<br><br>19                    Defendants. | Case No.:   **'17 CV 1150 WQH JLB**<br><br>**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), AND 1446 (FEDERAL QUESTION JURISDICTION)**<br><br>SAN DIEGO COUNTY SUPERIOR COURT CASE NO. 37-2017-00016605-CU-OE-CTL<br><br>[*Civil Cover Sheet, Notice of Related Action, Notice of Party with Financial Interest, and Certificate of Service Filed Concurrently Herewith*] |

20

21

22

23

24

25

26

27

28

---

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331,
1441(a), AND 1446 (FEDERAL QUESTION JURISDICTION)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446, Defendant U.S. Security Associates, Inc. ("USSA"), by counsel, hereby removes to this Court an action commenced against USSA in the San Diego County Superior Court, styled *Mohamed S. Adan, individually and on behalf of the proposed class v. U.S. Security Associates, Inc., a foreign corporation doing business in California, and DOES 1-10, inclusive*, Case No. 37-2017-00016605-CU-OE-CTL ("the State Court Action"). In support of this removal, USSA states as follows:

## I.   DESCRIPTION OF THE STATE COURT ACTION

1.      On May 09, 2017, on his own behalf and purportedly on behalf of others, the Plaintiff filed the State Court Action. *See* Exhibit 1, attached hereto.

2.      Plaintiff, a former USSA employee, alleges that, in connection with his employment, USSA provided him with a Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), disclosure and he signed a consent authorizing USSA to procure a consumer report on him. *See* Ex. 1, Compl. ¶¶ 16-17. Plaintiff alleges that USSA obtained several reports on Plaintiff, including one in October 26, 2016. *See id.* ¶¶ 18, 20. Plaintiff alleges that the report erroneously disclosed that Plaintiff had been convicted of several crimes. *See id.* ¶¶ 21-23. Plaintiff alleges that USSA terminated him on November 4, 2016 without providing him with a copy of the report or a summary of his rights under the FCRA, as required by the FCRA. *See id.* ¶ 24.

3.      Based on the foregoing allegations, Plaintiff alleges that USSA violated the FCRA by failing to provide him a clear and conspicuous disclosure that consisted solely of the disclosure, *see id.* ¶ 30, or a copy of his report and a summary of rights under the FCRA prior to terminating him on the basis of the contents of the report, *see id.* ¶¶ 24, 55-59. Plaintiff brings his claims on behalf of two putative classes. *See id.* ¶ 48.

4.      On May 9, 2017, the registered agent for USSA was served with the

1

Summons and Complaint, along with the Civil Case Cover Sheet, Notice of Case Assignment, and documents related to Alternative Dispute Resolution. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of these documents are attached hereto as **Exhibit 1**.

5.     On June 7, 2017, USSA filed its responsive pleading in the form of an Answer to the Complaint. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Answer is attached hereto as **Exhibit 2**.

6.     No other pleadings or papers have been filed in the State Court Action.

## II. <u>REMOVAL TO THIS COURT IS PROPER</u>

### A.     This Court Has Subject Matter Jurisdiction

7.     Removal is proper pursuant to 29 U.S.C. § 1441(a) because Plaintiff alleges claims that could have been brought in this Court pursuant to the Court's original jurisdiction under 28 U.S.C. § 1331. Federal courts have original jurisdiction over actions brought under the FCRA. 15 U.S.C. § 1681p ("An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy . . ."); 28 U.S.C. § 1331. Plaintiff seeks relief for alleged violations of the FCRA, 15 U.S.C. §§ 1681b(b)(2) and (b)(3). *See* Ex. 1, Compl. ¶¶ 55-63. Thus, jurisdiction in this Court is proper.

### B.     Removal Is Timely

8.     USSA was served with Plaintiff's Complaint on May 9, 2017. *See* Ex. 1. Thus, USSA's Notice of Removal is timely because it is filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

### C.     All Other Requirements For Removal Are Satisfied.

9.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action are attached hereto as follows:

**Exhibit 1** – Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, and documents related to Alternative Dispute Resolution.

**Exhibit 2** – USSA's Answer.

10.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served on Plaintiff and filed promptly with the Clerk of the San Diego County Superior Court.

11.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending, San Diego County.[1]

12.     All prerequisites to removal have been satisfied. *See* 28 U.S.C. § 1446.

13.     Contemporaneously with this Notice, USSA will file a Notice of Party With Financial Interest, as required pursuant to Federal Rule of Civil Procedure 7.1 and Civil Local Rule 40.2.

**WHEREFORE**, Defendant USSA hereby removes the State Court Action from the San Diego County Superior Court to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

DATED: June 8, 2017                HUNTON & WILLIAMS LLP

By: /s/ D. Andrew Quigley
    EMILY BURKHARDT VICENTE
    D. ANDREW QUIGLEY
    Counsel for Defendant
    U.S. SECURITY ASSOCIATES, INC.

---

[1] USSA reserves its right to seek to transfer venue.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441(a), AND 1446 (FEDERAL QUESTION JURISDICTION)

Exhibit 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
U.S. Security Associates, Inc., a foreign corporation doing business in California; and DOES 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Mohamed S. Adan, individually and on behalf of the proposed class,

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/09/2017** at 08:00:00 AM

Clerk of the Superior Court
By Laura Melles, Deputy Clerk

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego County Superior Court – Hall of Justice
330 W. Broadway, San Diego, CA 92101

</td>
<td>

**CASE NUMBER:**
*(Número del Caso):* 37-2017-00016605-CU-OE-CTL

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok, Esq., DHF Law, P.C., 234 E. Colorado Blvd, 8th Floor, Pasadena, CA 91101; 818-651-6411

<table>
<tr>
<td>DATE: 05/09/2017<br>*(Fecha)*</td>
<td>Clerk, by<br>*(Secretario)*</td>
<td>*L. Melles*</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify)* U.S. Security Associates, Inc., a foreign corporation doing business in California

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Devin Fok (SBN #256599)
devin@devinfoklaw.com
DIIF Law, PC
234 E. Colorado Blvd., 8th Floor
Pasadena, CA 91101
Ph: (310) 430-9933
Fax: (818) 484-2023

Attorneys for Plaintiff and the proposed class.

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

05/09/2017 at 09:00:00 AM

Clerk of the Superior Court
By Laura Melles,Deputy Clerk

## SAN DIEGO COUNTY SUPERIOR COURT

## HALL OF JUSTICE

MOHAMED S. ADAN, individually
and on behalf of the proposed class,

Plaintiff(s),

vs.

U.S. Security Associates, Inc., a foreign
corporation doing business in
California; and DOES 1-10 inclusive,

Defendants.

CASE NO.: 37-2017-00016605-CU-OE-CTL

**CLASS ACTION COMPLAINT
FOR DAMAGES**

**JURY TRIAL DEMANDED**

    Plaintiff MOHAMED S. ADAN (hereafter "Plaintiff") complains
against Defendants U.S. SECURITY ASSOCIATES, INC., a foreign
corporation registered to do business in California; and DOES 1-10 inclusive
(hereinafter collectively as "Defendants"), and alleges as follows:

//

//

//

PAGA COMPLAINT FOR DAMAGES

## NATURE OF THE ACTION

1.    Plaintiff Mohamed Abdullahi Sheik Adan was the victim of an erroneous employment background check report (hereafter as "consumer report[1]") causing him to be terminated from employment after five years of service. The background screening company called General Information Services, Inc. ("GIS") disclosed 8 criminal convictions belonging to *a different individual* on Plaintiff's employment background check report.

2.    Plaintiff has never been convicted of any crime.

3.    Under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681b(b)(3), *before* an employer may terminate an employee on the basis of information disclosed in a consumer report, the employer must provide an employee with a copy of his consumer reports and a notice of his rights under the FCRA. There must also be a *reasonable opportunity* to dispute the information before the job is lost. The foregoing is known as the **"Pre-Adverse Action Notice"** ("PAAN") requirement within the industry.

4.    Here, Plaintiff was summarily terminated by Defendant on the day of the report's completion and he was never provided a copy of his report before his job was lost.

5.    Plaintiff immediately disputed the information with Defendant.

6.    However, even after the background check was cleared, Defendant never rehired Plaintiff.

7.    Based on the foregoing, Defendant clearly violated §1681b(b)(3) by failing to provide Plaintiff with PAAN before his job was lost.

8.    Moreover, before an employer may procured a background check report on an applicant or employee, the employment must first comply

---

[1] Formal definition in 15 U.S.C. §1681a(d)(1).

with FCRA, 15 U.S.C. §1681b(b)(2) – a clear, conspicuous, and stand-alone disclosure that consists solely of the disclosure, that a consumer report may be obtained for employment purposes."

9.    The disclosure form used by Defendant violated the "consist solely" clause of the statute as it contains extraneous information outside of the mandated disclosure. *See Syed v. M-I, LLC.*, 846 F.3d 1034 (9th Cir. Jan. 20, 2017) (modified by, rehearing denied by, rehearing, en banc, denied by *Syed v. M-I, LLC.*, 2017 U.S.App.LEXIS 4953 (9th Cir. Cal., Mar. 20, 2017).

10.    Based on the above, Plaintiff seeks to represent a class of similarly situated individuals for Defendant's violation of the two provisions discussed above.

## THE PARTIES

11.    Plaintiff is a resident of the County of San Diego in the State of California.

12.    Defendant U.S. SECURITY ASSOCIATES, INC. is at all times herein mentioned was, a foreign corporation registered to do business in the State of California.

13.    Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

14.    Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

15.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendants and in doing the things alleged in this

-3-

complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FACTS

16.    Plaintiff successfully passed his interviews and was conditionally hired in late 2010.

17.    On November 29, 2010, he signed a FCRA disclosure and consent form authorizing the procurement of a consumer report.

18.    Based on this signed consent Defendant procured three separate reports on Plaintiff. The first report, procured from a company called Acxiom erroneously disclosed the conviction of records of a different individual on Plaintiff since Plaintiff's first and last name is common within United States.

19.    Plaintiff successfully disputed the information and he was rehired on or about January 11, 2011.

20.    On October 26, 2016, Defendant procured a new consumer report from GIS based on the November 29, 2010 consent form.

21.    This report disclosed multiple counts associated with 8 separate criminal cases belonging to an individual named **Mohamed Abdiwahab Ahmed** who lived and is likely currently living in King County, Washington State (greater Seattle area). Plaintiff has never lived in or been to Washington State.

22.    This background check report disclosed the following convictions:

> a.  Misdemeanor Malicious Mischief and Criminal Trespass 1st Degree
>
> b.  Pending Misdemeanor Criminal Trespass 1st Degree case

-4-

COMPLAINT FOR DAMAGES

c. Misdemeanor Criminal Trespass – 2nd Degree

d. Misdemeanor Theft

e. Misdemeanor Harassment

f. Misdemeanor Harassment

g. Misdemeanor Property Destruction

h. Misdemeanor Mischief – 3 Physical Damage

23.     Plaintiff was never arrested, charged, or convicted of any of the above crimes. Plaintiff could not possibly be involved those crimes because Plaintiff had been working for Defendant in San Diego, CA on or about the same time some of these crimes were allegedly being committed in King County, Washington State.

24.     The new consumer report was completed on November 4, 2016 and Defendant terminated Plaintiff on the same day - before Plaintiff received a copy of his report or his rights under the FCRA as mandated under §1681b(b)(3).

25.     Plaintiff diligently disputed the information in his report but he was never rehired.

26.     Plaintiff is informed and believes, and thereon alleges that Defendant was aware of the error in the report on or about November 28, 2016. Nevertheless, Defendant never rehired Plaintiff.

## 15 U.S.C. §1681b(b)(2) ALLEGATIONS

27.     15 U.S.C. §1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtains a "consumer report" about employees or prospective employees as follows:

Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of

-5-

Transportation may establish qualifications], a *person* may not procure a *consumer report*, or *cause a consumer report to be procured, for employment purposes with respect to any consumer, unless* –

a. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

b. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added).

28.    The purpose of the disclosure is to alert the applicant that a consumer report may be obtained as part of the application process, and to provide the opportunity to the applicant to either sign and authorize the acquisition of the report or not.

29.    In connection with Plaintiff's employment and on or about November 29, 2010, Defendant furnished a document entitled "U.S. SECURITY ASSOCIATES, INC. APPICANT CONSENT FORM" purporting to comply with 15 U.S.C. §1681b(b)(2)(A)(i).

30.    Despite the fact that the only permitted disclosure is a clear and conspicuous statement in a standalone disclosure that consist solely of the disclosure that "a consumer report may be obtained for employment purpose," the subject disclosure is contains extremely condensed writing full of extraneous information not permitted under the FCRA.

31.    Specifically, the subject is closure includes but not limited to the following extraneous information:

a.    A statement that a consumer report may include a credit report obtained for employment purposes. This statement is

-6-

patently contrary to California labor law (Cal. Lab. C. §1024.5's) which general prohibits the use and procurement of employment credit reports;

b. A statement related to Defendant's procurement of medical and worker's compensation records and an implied waiver that it "will only be requested in compliance with the Federal Americans with Disabilities Act (ADA) and/or any other applicable state laws.

c. A statement related to post-adverse action notice as follows: "According to the **Fair Credit Reporting Act** (FCRA, Public Law 91-508, Title VI), I am entitled to know if the considerations for which I am applying are denied because of information obtained from a consumer reporting agency. If so, I will be notified and be given the name of the agency providing that report."[2]

d. Disclosures related to the California Investigate Consumer Reporting Agency's Act ("ICRAA" Cal. Civ. C. §1786 *et seq.*) which is required to be in its own separate standalone disclosures (*See* Cal. Civ. C. §1786.16(a)(2)(B);

e. Disclosures related to Minnesota and Oklahoma which has nothing to do with Plaintiff's employment in California.

f. Various requests of information that has absolutely nothing to do with the mandated disclosure including whether the applicant has ever been convicted of a crime and his use of alias etc.

g. Paragraph 3 of the first page of the consent form related to the use of a copy of a signature in lieu of the original.

---

[2] It is post-adverse action notice because it talks about an applicant's rights following denial of employment.

-7-

h.     Paragraph 6 of the paragraph requiring an applicant to forward communications to Defendant's headquarters potentially in lieu of his direct supervisors or human resource personnel in lieu of his current location of employment.

i.      All statements related to the section in small print entitled "FAIR CREDIT REPORTING ACT NOTICE" as they are either extraneous, confusing, or patently incorrect:

      i.   The statement to the statement that *this information* may only be used to verify a statement(s) made by an individual In connection with legitimate business needs. (emphasis added).

        1.   First, it is vague and ambiguous as to what "this information" is referring to because a whole host of extraneous information has been disclosed.

        2.   Second, although "legitimate business needs" like "employment purposes" are both permissible purposes under the FCRA for which a consumer report maybe procured, it is unclear why "business needs" as opposed to "employment purpose" is applicable here. §1681b(a)(3)(B) and (F).

-8-

COMPLAINT FOR DAMAGES

ii. "The depth of information available varies from state to state."

    1. This statement is confusing. If it relates to public records information such as criminal records for employment purposes, the reported information must be "complete and up to date." §1681k(a)(2). It is unclear why the depth of this information would vary from state to state.

iii. "Update status is available on request."

    1. This statement is vague as to what "update status" this statement is referring to.

iv. "Although every effort has been made to assure accuracy, Agent Organization obtaining this information for U.S. Security Associates, Inc. cannot act as guarantor of information accuracy or completeness. Final verification of an individual's identity and proper use of report contents are the user's responsibility."

    1. This statement is patently wrong or misleading on the consumer

-9-

reporting agency's obligations. First, although the FCRA does not impose strict liability on the information reported, it mandates that it uses "reasonable procedures to ensure the maximum possible accuracy of the information reported" §1681e(b) and/or "strict procedures" to ensure that the public record status of information reported is complete and up to date." §1681k(a)(2). If there is error on the report, the reporting agency rather than the user (whoever that is) or any other party is liable.

v. "The Agent Organization for U.S. Security Associates, Inc.'s policy requires purchasers of these reports to have signed a Service Agreement. This assures the Agent Organization that users are employee or the application process, have the Candidate/employee contact the Agent Organization."

1. It is unclear why information related to the execution of a service agreement between the

-10-

reporting company and the employer is relevant disclosure.

2. This statement also appears to define "user" as the subject of the report where pursuant to the FCRA, "user" is generally defined as the employer who "uses" the report for an employment purpose to screen applicants and/or employees. *See* §1681b(b)(3)(A).

32. All of the above-described extraneous additions to the form stretched what should be a simple disclosure form to a full page of eye straining typeface writing. (*See Jones, supra,* 81 F.Supp.3d at 332-333. [finding an authorization form in willful/reckless violation of 15 U.S.C. §1681b(b)(2)(A)(i) in ruling on a motion to dismiss]).

33.    Moreover, it is so confusing that an experienced FCRA counsel cannot meaningfully discern the meaning of all of the statements in the disclosure form.

## DEFENDANT ACTED WILFULLY

34.    Defendant knew or should have known about their legal obligations under the FCRA. These obligations are well-established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

35.    Defendant obtained or had available substantial written materials which apprised them of their duties under the FCRA.

-11-

36.    The disclosure which precedes a written authorization for a prospective employer to obtain a consumer report must be presented in a clear, self-contained, stand-alone form. *EEOC v. Video Only, Inc.*, 2008 U.S.Dist.LEXIS 46094 (D.Or. 2008).

37.    Courts that have looked at this issue had no problem finding willful violation where the disclosure contains extraneous information outside of what was stated in the "rather direct statutory language." *Reardon v. ClosetMaid*, 2013 U.S.Dist.LEXIS 169821, *26 (W.D. Pa. 2013).

38.    The language of §1681b(b)(2)(A) is "plain and clearly ascertainable" and "not susceptible of differing interpretations." *Id.* *30-31.

39.    The common or dictionary definition of the word "solely" means "to the exclusion of all else." *Singleton v. Domino's Pizza, LLC*, 2012 U.S.Dist.LEXIS 8626, *30-31 (D.Md. 2012). Had Congress intended for any extraneous information to be included in a §1684b(b)(2) disclosure, it would have done so. *Milbourne v. JRK Residential Am.,LLC.*2016 U.S. Dist.LEXIS 33608, *25 (E.D. Va. 2016).

40.    Defendant's form which attempts to combine both FCRA and ICRAA disclosures in a same form despite both statutes mandates their own separate and standalone disclosure is patently and objectively unreasonable reading of the statute.

41.    Moreover, under §1681b(b)(2)(A)(ii), outside of a short disclosure that a consumer report may be obtained for employment purposes, only the authorization may be obtained. No reasonable reading of the statute allows an employer to also obtain a conviction disclosure in connection with an authorization form. *See Reardon, supra*, 2013 U.S.Dist.LEXIS 169821 at *26-27) (disclosure must appear in a document that consists solely of the disclosure "or, at most, a disclosure and authorization only").

42.    Based on this well-established legal jurisprudence and the plain meaning of the statute, Defendant acted consciously in breaching its known

.-12-

duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

43.    As a result of these FCRA violations, Defendant is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for the violations alleged herein, and for attorney's fees and costs pursuant to §1681n and §1681o.

## PLAINTIFF WAS INJURED

44.    15 U.S.C. §1681b(b)(2) protects against securing a consumer's private information that by way of a consumer report except on certain conditions.

"The first condition is that a person seeking to obtain a consumer report for employment purposes must, before doing so, provide the consumer with a clear and conspicuous disclosure that the report will be obtained. The second is that the person seeking to obtain the report must first obtain the consumer's written consent.

Thus, §1681b(b)92) establishes two rights. First, it establishes a right to specific information in the form of a clear and conspicuous disclosure. The statutory requirement that the disclosure be made in 'a document that consists solely of the disclosure' helps to implement the textual command that the disclosure be clear and conspicuous. Second §1681b(b)(2) establishes a right to privacy in one's consumer report that employers may invade only under stringently defined circumstances. Those protections are clearly substantive, and neither technical nor procedural."

*Thomas v. FTS USA, LLC*, 2016 U.S.Dist.LEXIS 85545, *18-19 (E.D. Va. June 30, 2016); *See also Church v. Accretive Health, Inc.*, 2016

U.S.App.LEXIS 12414 (11th Cir. July 6, 2016) (even in light of *Spokeo*, an injury-in-fact, as required by Article III, 'may exist solely by virtue of statutes creating legal rights, the invasion of which create standing…'; thus, the court held that the failure to make required disclosure was in itself sufficient to create standing).

45.    Based on the foregoing and as direct and proximate result of Defendant's willful violation of Plaintiff's rights under FCRA, 15 U.S.C. §1681b(b)(2) above, Plaintiff was injured and harmed.

46.    Specifically, Plaintiff has suffered a concrete informational injury. Plaintiff was deprived of a clear disclosure stating that Defendants sought to procure a consumer report before the report was obtained.

47.    Second, Plaintiff has suffered an injury to his right of privacy such that Defendant obtained a copy of Plaintiff's consumer report disclosing information related to his alleged criminal history without first providing the required clear and conspicuous disclosure as required by §1681b(b)(2)(A). Without providing said clear and conspicuous disclosure, it would have been illegal for Defendant to obtain Plaintiff's confidential information including information related to his alleged criminal history. Moreover, because of the confusing nature of the disclosure including the patently incorrect and misleading statements as set forth above, Plaintiff was deprived of the opportunity to meaningfully provide consent because he could not possibly be expected to understand the contents of disclosure. Accordingly, Plaintiff was harmed for purposes of Article III standing. *See also Hawkins v. S2Verify*, 3:15-cv-03502-WHA, p.9-10. (N.D. Cal. July 26, 2016) attached here to as **Exhibit 1**. (plaintiff has Article III standing in light of *Spokeo* for invasion of privacy due to disclosure of prohibited information even though other disclosable and disqualifying information exists on the report).

//

//

-14-

## CLASS ACTION ALLEGATIONS

48.    Plaintiff brings this action individually and as a class action on behalf of three putative subclasses defined as follows:

**PAAN SUBCLASS**

All natural persons residing in the United States who were the subject of a consumer report prepared at the request of USSA for employment purposes, and who subjected adverse employment action prior to a copy of a consumer report and a summary of rights was sent to him or her during the two years preceding the filing of this action until final resolution of this action.

**DISCLOSURE SUBCLASS**

All natural persons residing in the United States who were the subject of a consumer report prepared at the request of USSA for employment purposes, and who were provided a disclosure similar to **Exhibit 1** attached to this complaint during the two years preceding the filing of this action until final resolution of this action.

49.    The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to USSA, Plaintiff is informed and believes and on that basis alleges that each subclass is comprised of hundreds or thousands of consumers.

50.    The identities of the individual Class members should be readily ascertainable from Defendants' records. Notice may be mailed to Class members using the public record information in Defendants' files.

51.    There is a significant community of interest among putative class members, as there are common questions of law and fact that predominate over any questions affecting only individual Class Members. Those questions include:

-15-

a.    Whether USSA violated section 15 U.S.C. §1681b(b)(3) by furnishing a consumer report for employment purposes without and took adverse action on the basis of the content of the report without first providing the consumer with a copy of the report and a summary of rights;

b.    Whether USSA violated section 15 U.S.C. §1681b(b)(1)(A)(i) by furnishing a consumer report for employment purposes without first obtaining a certification from the person obtaining the report that the person has complied with 15 U.S.C. §1681b(b)(2);

c.    Whether those violations were reckless, intentional, willful, or malicious.

52.    Plaintiff's claims are typical of the claims of each class member, which arise from the same operative facts and are based on the same legal theories.

53.    Plaintiff will fairly and adequately protect the interests of each subclass. Plaintiff is committed to vigorously litigating this matter and has no conflict with each subclass. Plaintiff has secured counsel experienced in handling civil rights and consumer class actions.

54.    A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of members of each subclass in individually controlling the prosecution of separate claims against USSA is small, as the maximum statutory damages recoverable by any one subclass member is limited to $1,000.00 under the FCRA. Management of the class claims in a single proceeding will avoid inconsistent judgments and result in a more efficient use of judicial resources than resolving these same issues in many individual cases.

//

//

## FIRST CAUSE OF ACTION

**(Violation of 15 United States Code §1681b(b)(3)(A) against USSA; and DOES 6-10)**

**(on behalf of Plaintiff and others similarly situated)**

55.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

56.     USSA recklessly, willfully, and/or intentionally violated 15 U.S.C. §1681b(b)(3)(A) as fully set forth above.

57.     USSA'S violations were willful or reckless because USSA was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

58.     USSA's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

59.     USSA'S violations also entitle Plaintiff to actual damages including loss wages, loss of future earnings, emotional distress, damage to reputation, and other general and specialized damages pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION

**(Violation of 15 United States Code §1681b(2)(A)(i) against USSA; and DOES 6-10)**

**(on behalf of Plaintiff and others similarly situated)**

60.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

-17-

COMPLAINT FOR DAMAGES

61.    USSA recklessly, willfully, and/or intentionally violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to provide clear and conspicuous disclosure consisting solely of the disclosure that a consumer report may be obtained for employment purposes prior to procuring consumer reports on Plaintiff and those similarly situated.

62.    USSA'S violations were willful or reckless because USSA was aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

63.    USSA's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.  For a declaration that Defendants' practices violated the statutes as specified above;

b.  For actual, statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c.  For interest upon such damages as permitted by law;

d.  For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e.  For the costs of suit;

f.  For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: May 8, 2017

DEVIN H. FOK ESQ.
**DHF LAW, P.C.**

By: _____

Devin H. Fok
Attorney for Plaintiff

-19-

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Devin H. Fok, .Esq. (SBN# 256599)
DHF Law, P.C.
234 E. Colorado Blvd., 8th Floor
Pasadena CA, 91101
TELEPHONE NO: 888-651-6411    FAX NO: 818-484-2023
ATTORNEY FOR *(Name):* Mohamed S. Adan

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway,
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Adan v. U.S. Security Associates, Inc.

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/09/2017** at 08:00:00 AM

Clerk of the Superior Court
By Laura Melles, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2017-00016605-CU-OE-CTL |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Judith F. Hayes  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/8/2017
Devin H. Fok
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7088 |

| PLAINTIFF(S) / PETITIONER(S): | Mohamed S Adan |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): US Security Associates Inc |
|---|

| MOHAMED S ADAN VS. US SECURITY ASSOCIATES INC [IMAGED] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2017-00016605-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Judith F. Hayes                                    Department: C-68

## COMPLAINT/PETITION FILED: 05/09/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/08/2017 | 10:00 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |

| PLAINTIFF(S): Mohamed S Adan |
|---|
| DEFENDANT(S): US Security Associates Inc |
| SHORT TITLE: MOHAMED S ADAN VS. US SECURITY ASSOCIATES INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2017-00016605-CU-OE-CTL |
|---|---|

Judge: Judith F. Hayes                                    Department: C-68

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                 ☐ Non-binding private arbitration

☐ Mediation (private)                 –      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)          ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                  Name of Defendant

_____          _____
Signature                                          Signature

_____          _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____          _____
Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 05/09/2017          _____
                           JUDGE OF THE SUPERIOR COURT



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2017-00016605-CU-OE-CTL      CASE TITLE: Mohamed S Adan vs. US Security Associates Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR

You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

# Exhibit 2